**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 19 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| RICARDO MURILLO, | No. 14-56351 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-08059-GW-JEM |
| v. |  |
| CWCA RAMONA 41, L.L.C., a Delaware Limited Liability Company; et al., | MEMORANDUM[*] |
| Defendants - Appellees. |  |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted May 3, 2016[**]
Pasadena, California

Before: BYBEE and N.R. SMITH, Circuit Judges and STEIN,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Sidney H. Stein, District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

**1.** Plaintiff Ricardo Murillo has set forth sufficient evidence to satisfy each of the three elements of Article III standing. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (en banc). First, evidence exists to show that Murillo suffered the requisite injury in fact. *Id.* at 949-50. Murillo submitted evidence that the lack of a wheelchair accessible path impacted his ability to access the restaurant. We also infer from the record that Murillo intends to return to Cowboy Burgers given his multiple trips there and the close proximity of the restaurant to his home. *Cf. Lujan v. Defs. of Wildlife*, 504 U.S. 555, 579 (1992) (Kennedy, J., concurring in part and concurring in the judgment). This evidence suffices to show that Murillo suffered the required injury. *Chapman*, 631 F.3d at 950.

Second and third, evidence exists in the record to demonstrate that Murillo's injury was fairly traceable to defendants' conduct and is redressible. *Id.* at 946. Murillo testified he has "no problem traveling short distances over close-cut grass." Consequently, had defendants made accessible the so-called stone paver pathway, Murillo could have driven his wheelchair over the City's grass and onto that newly accessible pathway. Murillo's injury was thus not caused by the City but rather by Cowboy Burgers' failure to provide an accessible pathway from the City's grass. As such, Murillo's injury is fairly traceable to defendants' conduct, and that injury can be redressed by court-imposed injunction.

**2.** The ADA does not entitle Murillo to the injunction he seeks, because no evidence exists in the record to show that constructing an accessible route from "site arrival points" such as a public street or a sidewalk to Cowboy Burgers is "readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv); 36 C.F.R. Pt. 1191, App. B § 206.2.1. *See Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 966 (9th Cir. 2006). The record demonstrates that Murillo proposed only two possible accessible routes—those his expert Paul Bishop set forth. But undisputed facts in the record demonstrate that the ADA does not require Cowboy Burgers to construct either route.

Bishop's first solution fails because his proposed pathway indisputably does not fall "completely on" Cowboy Burgers' property. The ADA does not require Cowboy Burgers to build on the City's land; nor does it require defendants to "seek permission" from the City "to build an accessible route over the City's land." *Pickern*, 457 F.3d at 967. This solution is thus not "readily achievable." *See* 42 U.S.C. § 12181(9).

Bishop also proposes that Cowboy Burgers "replac[e] the paver-stone walkway with a wheelchair accessible walkway." But the ADA does not require Cowboy Burgers to implement this solution because it does not result in an accessible pathway that originates from a "site arrival point" such as a sidewalk or public street. *See* 36 C.F.R. Pt. 1191, App. B § 206.2.1. The City of Irwindale's grassland—which is where

3

such a pathway would originate—is not a cognizable "site arrival point." The grassland is a "sidewalk" neither colloquially nor as relevant regulations define that term. *See, e.g.*, 28 C.F.R. Pt. 36, App. D § 3.5 (defining the term "walk").

Finally, Murillo's reply brief on appeal for the first time proposes two alternative routes. Neither route appears in the record. The Court may not speculate as to whether these routes are "readily achievable" means of constructing an accessible route from any site arrival point to Cowboy Burgers' entrance.

**AFFIRMED.**